The counsel for the plaintiff in error, filed the following petition for a re-hearing.
This case is of no importance to my client, and if his interests only, were concerned, the court would not be troubled with this motion. But counsel have' their duty to perform. It seems to me, with great deference to the court, that notices for the taking of depositions, like that the court has here held sufficient, may be made the instruments of great inconvenience and vexation, in our present already wretchedly defective mode of collecting written-evidence.
*56 These are the words of the notice:
“Mr. Thomas P. Moore, take notice, that on the 31st ^ay -December next, at the French coffee house, in the city of New Orleans, between the hours of 10 o’clock, A. M. and 2 o’clock, P. M. I shall proceed to take the deposition of Mr. Ralph Pile, to be read as evidence in a suit now depending and undetermined, in the Franklin circuit court, wherein I am complainant and you are defendant; and if not taken on that day, I shall attend at the same place and during the same hours, on Saturday the 15th day of January,-1825, for the above purpose;
“DAVID C; HUMPHREYS.’?
November 14, 1824.
A copy of this paper was delivered tó Moore, on the day of its date, in Franklin county, this state, and the deposition was taken, ex parte, on the 15th January, the latter day named, and was offered in evidence, without an attempt to show any cause whatever, why an effort had not been made to examine the witness, on the day first mentioned. In the base of May, &c. vs. Russell, I. Monroe, 223, which is cited as an authority for this notice, in the opinion delivered, the court decide: 1st. That the notice must be tried and decided on upon the supposition, the party receiving it will attend in proper person,- and not by agent, 2d. That the notice in that case, having expressly provided that, “if any thing prevented the taking of the deposition, on the first of the days named, it would- be taken on the second, and so on, the testimony “could not be taken in conformity to it, upon any day named therein, subsequent to the first, unless there had been an honest effort to take it on each of the preceding days named, and something had prevented it from being done.” Surely, if the condition on which May and others then said they would take the deposition on the latter day, was an immaterial part of the notice, it could not have been indispensable to prove the condition had occurred..
It is impossible to make any .difference between a notice, in the terms employed by May and offers, in that case, and the notice under consideration* Which- *57 will be to the advantage óf the notice.. On Moore’s receiving of the notice of Humphreys, he might calculate the chances between the two days,' but could come to no conclusion on which day the deposition would, in the greater probability, be taken-. He could have made sure of having the opportunity of the cross examination, by no course but by attending on the first day; and continuing in the city of New-Orleans fifteen days, till the next day mentioned arrived. He could not have come and gone back in time. Now is it reasonable a litigant shall be compelled to attend for two weeks, in the city of New-Orleans, one thousand miles from home, to examine a single witness, or give up the right to the cross examination! Shall he be required to do this, when his adversary has not even told him, “Sir, 1 will make an honest effort to take the deposition on the first day named, and dispatch you.” If he shall be thus compelled, then the case would not have been altered, if Moore had proved he attended on the 31st December, and Humphreys, the witness and notary public, were •all present, and yet Humphreys-, without assigning any reason, refused to proceed until the fifteenth of the next month. It is directly decided in the case cited, that it was not necessary for the party objecting to the deposition, to prove it might, have been taken on one of the previous days mentioned in the Notice.
Suppose now, in ibis notice of Humphreys, the words contained in the notice of May and others, were inserted, and it read, instead of the words, and y not taken on that day, in these words: and if any thing happen to prevent its being taken on that day, &0. Would not the notice be more reasonable, and the deposition better entitled to be read, without a tittle of proof of any cause for not having taken it on the first day ? The difference is precisely this; in the latter case, MoOre would have had the word of Humphreys, that he would endeavor to take the proof on the first day; but according to this notice, Humphreys is left-free to choose, either the day convenient to himself, Or inconvenient to Moore. It is impossible this notice Can be a reasonable one. Look at it. Does it not *58 require Moore to attend fifteen days, one thousand miles from home, before Humphreys .is bound to call the witness, and this too, without an obligation on Humphreys to make even an apology for his vexatious conduct. The court say, in May and Russell’s case, “that a provisional notice to take a deposition, on a day subsequent to that which is first named for that purpose, may, under particular circumstances, be reasonable.” But surely this is not a provisional notice; unless we are to understand the proviso to be,that if Humphreys did not choose to proceed as he said he would, on the first day, he would attend to the matter on the next day mentioned. But suppose we take the will of the party for the proviso, where are the particular circumstances. In the case of May and Russell, it was required the party giving the notice, should account for his not having taken the testimony on the first day, because he had, in order to make his notice reasonable, stated, he would take it on the first day, unless prevented, &c. But here Humphreys says he will take the deposition on which ever day he pleases, and he will give no account of the cause of his choice.
Response to the petition.
On the question of the. construction of the covenant, I say nothing, because the instrument is one on which there may well be a difference of opinion; but I am persuaded that a reconsideration of the question of the admissibility of the deposition, will lead to a different result. With this hope, a re-hearing is asked.
To which petition, Judge Robertson delivered the following response.
In the case of May’s heirs vs. Russell, the notice was to take depositions on a named day, and then successively, on some one of seven other days', covering about two months, provided any thing happened to prevent the taking of them on the first day. The court decide, that as the party giving the notice, has made his right to take depositions on any of the succeeding days, to depend on a specified contingency, it devolves on him to establish the contingency, if the de> positions were taken-on any other than the first day. But the opinion expressly admits that, there is an *59 ■essential difference between such a notice, and one which leaves the party free to select either of the days specified, at his own option. The court then says, “There is no doubt that a provisional, notice to take a deposition, on a day subsequent to that which is first named, for that purpose, may, under particular circumstances, be reasonable; but we should have great hesitation in saying, that a notice like the present, provisionally, to take the deposition on seven days subsequently to the first, spread over a period of near two months, and at a place proved to be upwards, of five hundred miles from the residence of the party notified, was a reasonable notice. We should be inclined to think it was not.”
If the court doubted about such an extraordinary and vexatious notice, what would it have thought of the notice in this case.
We doubted about the sufficiency of the notice to Moore. But the case of May’s heirs vs. Russell, and our own reflections, inclined us to the opinion, that we ought not to decide that it was unreasonable.
Both parties resided in Kentucky, and it would be unreasonable to confine Humphreys to any one day, or to successive days. He, too, would be expected to go to Orleans, to attend to taking the dcposiiion. When he arrived, his witness might not be accessible, and he might not be able to procure his attendance for ten or fifteen days. Must he come back and give another notice? He might act by his agent or attorney. So might Moore.
Suppose Moore had attended in Orleans on the first day; would he have come home or waited until the next, and only other, which the notice designated? Would it not be better to tell him to remain, than to tell him, “if you come home, Humphreys shall give you another notice, and both he and you shall take another voyage of discovery?” Suppose at Orleans, Humphreys should be required to give Moore another notice; may he not select his own time then? and might not this give him the opportunity of harrassing Moore, and taking the deposition in his absence?
Suppose A give B a notice that he will take depositions in Staunton, Va. on the first of the month, and *60 in Richmond on the tenth, and atFredericksburgh on the twentieth; is this unreasonable? We should presume not. And could not A take depositions at-Fredericksburgh, if he failed to doit at Staunton or Richmond? Surely he might. And is it important whether the deposition taken at Richmond might also have been taken at Staunton, if the witness had attended?
Good faith on the part of the notifier and a reasonable chance to the notified, to be present, without obviously unnecessary inconvenience, is all that is necessary. Every case must depend on its own circum-. stances.
We canno.t say that Humphreys acted otherwise than fairly and prudently, and cannot imagine that Moore was deceived, or in any way suffered by the manner in which the notice was given. Therefore, we did not consider it proper to reverse the judgment for unreasonableness in the notice.
Petition overruled.